Weaver v Hatem (2025 NY Slip Op 04932)

Weaver v Hatem

2025 NY Slip Op 04932

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-00663
 (Index No. 65564/19)

[*1]Everette Weaver, appellant, 
v
Albert A. Hatem, etc., et al., respondents, et al., defendants.

Everette Weaver, Hopewell Junction, NY, appellant pro se.
Albert A. Hatem, P.C., White Plains, NY (Albert A. Hatem pro se of counsel), for respondent Albert A. Hatem.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent Tracy Pardo.
In an action, inter alia, to recover damages for violations of Civil Rights Law §§ 50 and 51 and negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated December 7, 2020. The order, insofar as appealed from, denied the plaintiff's motion for leave to reargue and renew (1) those branches of his prior motion which were for leave to enter a default judgment against the defendants Grace Edwards-Simon and Anfernee Simon, and his separate prior motions, among other things, to strike the answer of the defendant Albert A. Hatem, for leave to enter a default judgment against the defendant Albert A. Hatem, and to disqualify the defendant Albert A. Hatem from representing the defendants Grace Edwards-Simon and Anfernee Simon in this action, which had been denied in an order of the same court dated September 10, 2020, and (2) his opposition to the motion of the defendant Tracy Pardo pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, which had been granted in the order dated September 10, 2020.

DECISION & ORDER
Cross-motion by the respondent Albert A. Hatem to dismiss the appeal from the order dated December 7, 2020, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated May 1, 2024, the cross-motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support the cross-motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the cross-motion is granted to the extent that the appeal from so much of the order dated December 7, 2020, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, and the cross-motion is otherwise denied; and it is further,
ORDERED that the order dated December 7, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see Weaver v Hatem, _____ AD3d _____ [Appellate Division Docket No. 2020-08287; decided herewith]). In 2019, the plaintiff commenced this action against the defendants alleging, inter alia, violations of Civil Rights Law §§ 50 and 51 arising out of the submission of photographs and documents as attachments to an order to show cause in a separate action commenced in the Supreme Court, Bronx County. The defendant Tracy Pardo moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the complaint insofar as asserted against her. The plaintiff moved, among other things, for leave to enter a default judgment against the defendants Grace Edwards-Simon and Anfernee Simon (hereinafter together the Simon defendants). The plaintiff also separately moved, inter alia, to disqualify the defendant Albert A. Hatem from representing the Simon defendants in this action, to strike Hatem's answer, and for leave to enter a default judgment against Hatem. In an order dated September 10, 2020, the Supreme Court, among other things, granted Pardo's motion and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the Simon defendants and the plaintiff's separate motions. In October 2020, the plaintiff moved for leave to reargue and renew those branches of his prior motion which were for leave to enter a default judgment against the Simon defendants, his separate prior motions, inter alia, to disqualify Hatem from representing the Simon defendants in this action, to strike Hatem's answer, and for leave to enter a default judgment against Hatem, and his opposition to Pardo's prior motion to dismiss the complaint insofar as asserted against her. The court, among other things, denied the plaintiff's motion. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Goshen Mtge., LLC v Rokowetz, 221 AD3d 588, 589). The court "has no discretion to grant renewal where the moving party omits a reasonable justification for the failure to present the new facts on the original motion" (Goshen Mtge., LLC v Rokowetz, 221 AD3d at 589; see Caronia v Peluso, 170 AD3d 649, 650-651). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew, as the newly submitted evidence would not have changed its prior determination (see Cullin v Lynch, 148 AD3d 670, 670).
The parties' remaining contentions either need not be reached based on the foregoing or are raised improperly for the first time on appeal.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court